UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14132-CV-ROSENBERG
MAGISTRATE JUDGE REID

LONNIE LEE SMALL, JR.,

        Plaintiff,

v.

MARK S. INCH, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff is incarcerated at Reception and Medical Center, West Unit ("RMC-West"), which is a state prison located in Union County, Florida. Union County is in the Middle District of Florida for venue purposes. 28 U.S.C. § 89(b).

Plaintiff has filed a complaint seeking a preliminary injunction against the State of Florida and the Florida Department of Corrections ("FDOC") to revise their rules and regulations, which allegedly force "all Muslim inmates to shave [their] bears and moustaches." [ECF No. 1 at 1]. [1] Plaintiff names "Mark S. Inch et al." as defendants. [*Id.*] Mark Inch is the Secretary of the FDOC. In summary, this case should be DISMISSED without prejudice for improper venue.

---

[1] All citations to ECF entries refer to the page-stamp number located at the top, right-hand corner of the page.

Pertinently, venue for actions under § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

A civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.] . . .

Here, Mark Inch is the only named defendant, and resides in the Northern District of Florida for venue purposes. *See D'Amico v. Wheeler*, No. 4:19CV445-AW-HTC, 2018 WL 10140266, at *1 (N.D. Fla. Dec. 10, 2018) ("Inch is a resident of Tallahassee."), *report and recommendation adopted*, No. 4:19-CV-445-AW-HTC, 2019 WL 6716041 (N.D. Fla. Dec. 10, 2019); *see also Fla. Hometown Democracy, Inc. v. Browning*, No. 08-CV-80636-CIV, 2008 WL 3540607, at *3 (S.D. Fla. Aug. 12, 2008) ("'[T]he general rule' [is] that[,] in suits against public officials, a defendant's residence for venue purposes is the district where he performs his official duties." (citing *Fla. Nursing Home Assoc. v. Page*, 616 F.2d 1355, 1360 (5th Cir. 1980))).[2] Furthermore, because plaintiff alleges that the rules and regulations violated his federal rights at RMC-West, the events underlying his claim occurred in the Middle District of Florida for venue purposes. *See Young v.*

---

[2] Although plaintiff does not name any other defendants with specificity, any official at RMC-West would reside in the Middle District of Florida.

*Corizon LLC*, No. 4:18-CV-444-RH/MJF, 2019 WL 2587813, at \*2 (N.D. Fla. May 21, 2019), *report and recommendation adopted*, No. 4:18CV444-RH-MJF, 2019 WL 2583156 (N.D. Fla. June 24, 2019). Therefore, under § 1391(b)(1)-(2), venue is improper in the Southern District of Florida.

The court has discretion to transfer the case to "any district or division in which it could have been brought." 42 U.S.C. § 1406(a); *see also Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam). However, plaintiff is a "three striker" under 28 U.S.C. § 1915(g). While incarcerated, he filed two prior actions that were dismissed for failure to state a claim. Order of Dismissal, *Small, Jr. v. Rambosk et al.*, Case No. 16-00544-CV-SPC (M.D. Fla. Jan. 26, 2017); Order of Dismissal, *Small, Jr. v. Rambosk et al.*, Case No. 16-00724-CV-SPC (M.D. Fla. Jan. 26, 2017). Furthermore, he has filed five previous actions that were dismissed for abuse of judicial process. Order of Dismissal, *Small, Jr. v. Rambosk et al.*, Case No. 16-00678-CV-SPC (M.D. Fla. Jan. 12, 2017); Order, *Small, Jr. v. Rambosk et al.*, Case No. 16-00791-CV-JES (M.D. Fla. Nov. 9, 2016); Order of Dismissal, *Small, Jr. v. Rambosk et al.*, Case No. 16-00775-CV-JES (M.D. Fla. Nov. 7, 2016); Order of Dismissal, *Small, Jr. v. Rambosk et al.*, Case No. 15-00426-CV-SPC (M.D. Fla. Oct. 27, 2015); Order Dismissing Case, *Small, Jr. v. Rambosk et al.*, Case No. 15-00485-CV-JES (M.D. Fla. Sept. 15, 2015). Because plaintiff is a "three striker" and

did not pay the filing fee, transferring this action to a District where he could have brought it would not "be in the interest of justice." *See* 28 U.S.C. § 1406(a).[3]

Accordingly, it is recommended that this case be DISMISSED without prejudice for improper venue and CLOSED.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 5th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] "[W]hile a district court may dismiss a suit *sua sponte* for lack of venue, it may not do so without first giving the parties an opportunity to present their views on the issue." *Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005). Here, plaintiff will have the requisite opportunity to present his views, if any, against dismissal in any objections to this report. *See Manzini v. The Fla. Bar*, 511 F. App'x 978, 983 (11th Cir. 2013) (per curiam).

cc:    Lonnie Lee Small, Jr.
       108080
       RMC - West
       8183 SW 152nd Loop
       P.O. BOX 628
       Lake Butler, FL 32054-0628